SAMUEL H. MILLER *v.* MAX L. POWELL.

November Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed December 8, 1911.

*Principal and Agent—Contract—Construction—Compensation— Performance of Services Contemplated.*

That a written contract for services contains no reference to compensation is not conclusive against a right to reasonable compensation for services rendered thereunder.

Where certain real estate, held in trust by defendant, was purchased at public auction by plaintiff, under an agreement between them that plaintiff should purchase the property as the undisclosed agent of defendant, and "turn over the property, if bid in by him, on request," in order to recover compensation for his services in attending the auction and bidding in the property, plaintiff need not convey it to defendant and his wife, as defendant requested him to do.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by court at the March Term, 1911, Chittenden County, *Butler*, J., presiding.

Plaintiff seeks to recover for services rendered defendant on June 4, 1910, in bidding off for him the Hotel Burlington property in the city of Burlington. The buildings on that prop-

erty were destroyed by fire in January, 1910. For some time before that, and continuously during all the time here material, defendant was in possession of the Hotel Burlington property under a trust deed thereof to him from the owner, George M. Delaney. After the fire, defendant, as such trustee, advertised the property to be sold at public auction to the highest bidder on June 4, 1910, and the auction was had accordingly. A few hours before the auction, plaintiff and defendant executed a written agreement, the body of which is:

"That said Miller hereby agreees to act as agent of Max L. Powell in the purchase at auction of the Hotel Burlington property on Saturday, June 4, at 2:00 p. m. And said Powell hereby agrees to protect him in any bid he may make, and to take the property from him, and to save him harmless in every way by reason of his bid; and on his part the said Miller agrees to turn over the property, if it is bid in by him, on request. And it is mutually understood and agreed that in bidding at said auction said Miller is to act simply as the agent of said Powell."

When this agreement was made nothing was said about pay for plaintiff's agreed services. Defendant gave plaintiff instructions as to the manner of bidding on the property, and it was understood that the agency should not be disclosed. Plaintiff attended the auction, in good faith followed defendant's instructions to his satisfaction, and bid in the property at $17,000.-00. Later conveyances of the property from defendant, as such trustee, to plaintiff, and from plaintiff to defendant and his wife were prepared and plaintiff was asked to execute the latter deed, but refused unless he were paid $500.00 for his services. That defendant declined to do, and no deed of the property was ever executed by plaintiff. It is found that his services at the auction were worth $35.00, for which sum, with his costs plaintiff had judgment. The defendant excepted.

*Max L. Powell* for the defendant.

*H. S. Peck* for the plaintiff.

WATSON, J. Defendant excepted to the judgment on two

grounds: (1) that the written contract is silent as to compensation; and (2) that the plaintiff is not entitled to recover compensation until he has performed his entire part of the contract.

The first ground is untenable; for the fact that the written contract says nothing regarding compensation is not conclusive in law against the plaintiff's right to reasonable compensation for the services performed. On the second ground it is said that plaintiff refused to execute the deed presented him by the defendant for that purpose, to convey the property to the defendant and his wife, without the payment to plaintiff of the sum of five hundred dollars for his services, which sum the defendant refused to pay. If it be true, as claimed, that it was necessary for the plaintiff to "turn over the property" bid off by him, to constitute full performance of the contract on his part, entitling him to compensation, it was no part of his contract to convey the property to the defendant and his wife. The contract was one of agency, and by it the defendant agreed to protect the plaintiff in any bid he might make, and to take the property from him, etc.; and the plaintiff agreed "to turn over the property if it is bid in by him, on request." Construing the latter provision in the light of the context, its fair meaning at most obligated the plaintiff to turn over the property to the *defendant* on request, not to any one else. And this even he could not do, since the property was never conveyed to him by the defendant as trustee.

*Judgment affirmed.*